[800 NYS2d 604]

In the Matter of RICHARD J. BARBUTO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 6, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Cianciulli, Meng & Panos, PC,* Uniondale (*Benedict S. Gullo* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 13, 2004, containing one charge of professional misconduct against him. After a preliminary conference on September 28, 2004, and a hearing on November 9, 2004, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent also moves to confirm the Special Referee's report and requests that the Court impose discipline with a view towards extreme leniency.

Charge One alleges that the respondent has neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

On or about September 21, 1998, Adrian Salas was convicted, after a jury trial in the Supreme Court, Kings County, of attempted murder and attempted assault. He was sentenced to concurrent terms of 6 to 12 years and $1^{1}/_{2}$ to 4 years, respectively. On or about October 23, 1998, the respondent was retained by Mr. Salas' family to prosecute an appeal with respect to the convictions. The retainer, which was signed by the respondent's parents, provided for an initial payment of $5,000 and a total fee of $15,000, of which the respondent received $10,000. The respondent filed a motion for poor person's relief on or about September 2, 1999. By order dated October 8, 1999, the court granted that motion and enlarged the time to perfect the appeal.

On April 6, 2000, and May 9, 2000, the assigned counsel clerk of this Court inquired of the respondent as to the status of the appeal. The respondent was notified by the trial court on May 24, 2000, that the minutes were available. By letter dated June 2, 2000, the respondent advised the Court that he would retrieve the minutes and finish the appeal. The respondent also addressed the Court's concerns with respect to additional appeals he was handling.

By letters dated September 20, 2000, and October 23, 2000, the assigned counsel clerk continued her efforts to ascertain the

status of the appeal. By letter dated November 28, 2000, the Clerk of the Court contacted the respondent concerning the Salas appeal and three other appeals he was handling and directed him to provide, by December 12, 2000, a candid assessment of his progress in these matters and the estimated dates by which he would perfect the appeals. By letter dated January 9, 2001, the Clerk referred the respondent to the Grievance Committee for an investigation based on his failure to respond to that letter and his failure to perfect the Salas appeal and three additional appeals. The Grievance Committee opened a sua sponte investigation based on that reference.

By letter dated February 23, 2001, the Clerk directed the respondent to submit a written assessment of his progress to date with respect to the four appeals, to provide a reasonable assessment of the expected time of completion, and to correspond with his clients with respect to the status of those appeals.

By letter dated March 26, 2001, the respondent informed Mr. Salas that he was working diligently to complete the appeal but could not give a definite date of completion. The respondent forwarded a copy of that letter to the Clerk. On May 1, 2001, the respondent advised the Clerk that he was still working on the Salas matter.

On May 17, 2001, the Grievance Committee issued a letter of caution with respect to the sua sponte complaint and cautioned the respondent to thereafter ensure that he devote the proper attention to all client matters, maintain proper lines of communication with clients, and promptly respond to all inquiries of the Court regarding pending matters.

By letter dated June 28, 2001, the Clerk of the Court again inquired as to the status of the appeals. By letter dated July 23, 2001, the respondent replied that he had made great progress and hoped to perfect the Salas appeal the following month. By letter dated December 17, 2001, the respondent advised the assigned counsel clerk that he expected to complete one of the other appeals in early 2002 and the Salas brief approximately one month later. By letter dated September 25, 2002, the respondent informed Mr. Salas that he was diligently working on the appeal and would soon be submitting a draft for his review.

By letters dated January 13, 2003, Mr. Salas requested that the respondent withdraw as counsel and asked that the Court appoint counsel to perfect the appeal inasmuch as his family could no longer afford to pay the respondent. By letter dated January 21, 2003, the respondent asked Mr. Salas to withdraw

his request for new counsel. Although he had not been paid the $5,000 balance of his fee, the respondent represented that he wished to complete the appeal and was very close to finalizing the brief. Mr. Salas advised the respondent on January 27, 2003, that he would consider withdrawing his request if the appeal were completed within a reasonable time.

By letter dated February 19, 2003, the respondent advised Mr. Salas that due to water damage to his office and a snowstorm, he had not been in as often as usual but promised to complete the appeal within five weeks. On April 21, 2003, Mr. Salas inquired as to the status of his appeal. The respondent finally filed the brief on or about November 12, 2003, more than five years after he was retained.

Inasmuch as the charge is totally uncontroverted, the Special Referee properly sustained it. The motions by the Grievance Committee and the respondent to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to take into account the circumstances which led to this grievance, his expressed remorse, the character witnesses attesting to his excellent reputation, the positive steps which have been taken to eliminate any future recurrences, and his health issues.

The Grievance Committee notes that it has previously disposed of three disciplinary matters involving the respondent.

On May 17, 2001, he was issued a letter of caution with respect to his handling of four criminal appeals pending before the Appellate Division, two of which were assigned matters. The Grievance Committee cautioned the respondent to devote the proper attention to all client matters, to maintain proper lines of communication with clients, and, in particular, to promptly respond to all inquiries from the court before which a matter is pending. That matter emanated from a sua sponte complaint of the Clerk of the Court advising the Grievance Committee that the respondent had ignored repeated inquiries from the Court regarding the status of an appeal. On January 2, 2003, he was admonished for neglecting a criminal matter entrusted to him. That matter emanated from a complaint filed directly against the respondent for his continuing neglect of the appeal which led to the aforementioned letter of caution. On January 2, 2003, the respondent was issued a letter of caution with respect to a complaint filed against him by Carlos A. Martins. The Grievance Committee cautioned the respondent to ensure that he

devote the proper attention to client matters, including maintaining proper levels of communication with the client, and to promptly refund fees paid in advance which have not been earned.

In view of the mitigation advanced, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and KRAUSMAN, JJ., concur.

Ordered that the motions by the Grievance Committee and the respondent to confirm the Special Referee's report are granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.